UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| In re: | Case No. 8:13-bk-00154-KRM |
| | Chapter 7 |
| John Michael Gardner, | |
|     Debtor. | |
| _____/ | |
| V. John Brook, | Adv. No. 8:13-ap-00391 |
|     Plaintiff, | |
| v. | |
| Tracey A. Keefer, | |
|     Defendant. | |
| _____/ | |

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

In this adversary proceeding, Mr. Gardner's bankruptcy trustee ("Gardner's Trustee") seeks to recover from Ms. Keefer ("defendant") a residential lot and mobile home (or its value) because Mr. Gardner transferred it to her, for no consideration, shortly before he filed for relief under Chapter 7.[1]  The defendant has moved for summary judgment, arguing that, in her own bankruptcy case, the mobile home has been determined to be her exempt homestead and, thus, Gardner's Trustee cannot recover it.[2]

Gardner's Trustee asks the Court to impose an equitable lien on the property because Gardner's transfer was a fraud on his creditors.  After considering the papers filed, the

---

[1] Doc. No. 15. All references to docket entries are to Adversary Proceeding 8:13-ap-00391-KRM unless otherwise noted.
[2] Doc. No. 23.  In Ms. Keefer's bankruptcy case, the Plaintiff's objection to her claim of exemption was overruled and no action was brought to except her liability, if any, from her discharge.

undisputed facts, the cases cited, and argument by counsel, the Court concludes that summary judgment should be granted.

*Background*

In March 2012, Mr. Gardner purchased a single-wide mobile home and lot in Spring Hill, Florida.[3] About a month later, he quitclaimed the property to Ms. Keefer, who was his girlfriend at the time.[4] Some nine months later, in January 2013, Mr. Gardner filed a Chapter 7 petition.[5] Gardner's Trustee filed this adversary proceeding in May 2013, seeking turnover from Ms. Keefer of the mobile home, an equitable lien or avoidance of the transfer.[6]

In June 2013, Ms. Keefer filed her own bankruptcy petition.[7] She claimed the property as her exempt homestead under Florida Constitution Article X, Section 4(a)(1) and Sections 222.01 and 222.02, Florida Statutes.[8] Gardner's Trustee objected to her claim of exemption, but the objection was overruled.[9] Ms. Keefer received a discharge in September 2013.[10] On January 15, 2014, she filed a motion for summary judgment in this proceeding.[11]

*Discussion*

**A.    Summary Judgment Standard**

---

[3] Doc. No. 26.
[4] Doc. No. 15. The quitclaim deed further affirms that the property was not Mr. Gardner's homestead at the time of the conveyance and that the property was given for "$0 consideration/gift" (Doc. No. 10, Ex. A).
[5] Case No. 8:13-bk-00154-KRM, Doc. No. 1.
[6] Doc. No. 1.
[7] Case No. 8:13-bk-07959-CPM, Doc. No. 1.
[8] Case No. 8:13-bk-07959-CPM, Doc. No. 1.
[9] Case No. 8:13-bk-07959-CPM, Doc. No. 20.
[10] Case No. 8:13-bk-07959-CPM, Doc. No. 18.
[11] Doc. No. 23.  The Court has previously dismissed the trustee's claims for turnover and avoidance of a preferential transfer, but allowed the trustee's claims for fraudulent transfer under § 548(a)(1)(A) and § 548(a)(1)(B) to go forward.

Federal Rule of Civil Procedure 56(a), made applicable to bankruptcy proceedings by Bankruptcy Rule 7056(a), provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[12]  A material fact is one "that might affect the outcome of the suit under the governing law."[13]  "Summary judgment is appropriate when, after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party."[14]

### B.    Equitable Lien

Florida's homestead exemption prevents the forced sale of homestead property to satisfy creditor claims.[15]  The homestead exemption is to be liberally construed in the interest of protecting the family home;[16] however, the homestead exemption is not to be allowed to work as an instrument of fraud on creditors.[17]  The ruling in Ms. Keefer's bankruptcy case, that the transferred property is exempt homestead, bars recovery in kind by Gardner's Trustee.

But, Gardner's Trustee seeks an equitable lien on the transferred property.  Gardner's Trustee relies on *Palm Beach Savings & Loan Ass'n, F.S.A. v. Fishbein*,[18] where the debtor forged his wife's signature to obtain a mortgage loan and used the loan to satisfy three existing

---

[12] Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505, 2509–10, 91 L. Ed. 2d. 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986); *Rice v. Branigar Org., Inc.*, 922 F.2d 788, 790 (11th Cir. 1991); *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1527–28 (11th Cir. 1987).
[13] *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510.
[14] *Murray v. Nat'l Broad. Co.*, 844 F.2d 988, 992 (2d Cir. 1988) (citing *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510). *See also Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510; *United States v. Feinstein*, 717 F. Supp. 1552, 1555 (S.D. Fla. 1989).
[15] Fla. Const. art. X, § 4. The three exceptions to the homestead are strictly construed. The three exceptions explicitly provided in the Florida Constitution are: (1) obligations arising from the payment of taxes and assessments with respect to the real property; (2) obligations contracted for the purchase, improvement, or repair of the property; and (3) obligations contracted for house, field, or other labor performed on the property. Fla. Const. art. X, § 4(a)(1).
[16] *Havoco of Am., Ltd. v. Hill*, 790 So. 2d 1018, 1020 (Fla. 2001) (*Havoco I*).
[17] *Town of Lake Park v. Grimes*, 963 So. 2d 940, 942 (4th DCA Fla. 2007) (citing *Havoco*, 790 So. 2d. at 1020).
[18] 619 So. 2d 267.

3

mortgages.[19] The Florida Supreme Court allowed the imposition of an equitable lien on the homestead because of the debtor's fraud.[20] In *Havoco of America, Ltd. v. Hill*,[21] the Florida Supreme Court held that the transfer of nonexempt assets to purchase an exempt homestead, even with the intent to hinder, delay, or defraud creditors, is not sufficient to upset the homestead exemption;[22] but, the Court reaffirmed that an equitable lien is a viable remedy for creditors in cases involving fraudulently obtained funds being invested in a Florida homestead.

In Florida, the imposition of an equitable lien against a homestead property is limited to circumstances in which the property owner has engaged in fraud or egregious conduct to purchase or improve the homestead.[23] Examples of such conduct would include embezzlement, conversion, or misappropriation of funds coupled with the attempt to shelter these funds in a Florida homestead.[24] A party seeking to impose the equitable lien must trace the funds derived from the fraudulent or egregious conduct directly to the purchase, pay off, or improvement of the homestead.[25]

---

[19] *Fishbein,* 619 So.2d at 268.
[20] *Id.* at 270.
[21] 790 So. 2d 1018.
[22] *Id.* at 1028.
[23] *Id.*
[24] *Isaacson v. Isaacson*, 504 So. 2d 1309, 1310–11 (Fla. 1st DCA 1987); *see also Palm Beach Sav. & Loan Ass'n, F.S.A. v. Fishbein*, 619 So. 2d 267, 270 (Fla. 1993) (granting an equitable lien on homestead when funds used to extinguish mortgages on the homestead were obtained by fraud and forgery); *Jones v. Carpenter*, 106 So. 127, 130 (Fla. 1925) (granting an equitable lien on the homestead when embezzled funds were used to improve the homestead).
[25] *Id.*; *Thiel v. Thiel (In re Thiel)*, 275 B.R. 633, 638 (Bankr. M.D. Fla. 2001) (Corcoran, J.). Bankruptcy courts have imposed equitable liens in response to some fraudulent act by an individual when the fraudulent act related to the acquisition or improvement of the homestead. *See DirecTV, Inc. v. Deerey (In re Deerey)*, 371 B.R. 525, 536 (Bankr. M.D. Fla. 2007) (Paskay, J.) (refusing to impose an equitable lien when funds obtained from illegal activities were unrelated to the improvement of the homestead); *Merchs. & Contractors Capital Corp. v. Crum (In re Crum)*, 294 B.R. 402, 405 (Bankr. M.D. Fla. 2003) (Proctor, J.) (denying the imposition of an equitable lien when the fraudulent or egregious conduct could not be traced to the purchase of the homestead); *Fid. Serv. Co. v. Grocki (In re Grocki)*, 147 B.R. 274, 278 (Bankr. S.D. Fla. 1992) (Roberts, J.) (imposing an equitable lien on the homestead when the debtor used invalid documents to obtain money to pay down a mortgage).

The Eleventh Circuit also recognizes that an equitable lien is justified when funds were obtained through fraud or egregious conduct.[26]  In *In re Chauncey*, the court explained that the determinative inquiry in imposing an equitable lien is how the funds were obtained and not how the funds were used.[27]  Thus, the funds must have been obtained through fraud, and "the fact that [funds] rightfully obtained were used for an improper purpose is not enough to justify the imposition of an equitable lien." [28]

The Eleventh Circuit recently revisited the issue of equitable liens in *Lamarca v. Jansen (In re Bifani)*, 2014 WL 4457144 (Sept. 11, 2014).  The bankruptcy court had found that the debtor made transfers to his girlfriend, deemed to be an "insider" of non-exempt property (the substantial value in his Colorado home in excess of that state's limited homestead exemption) with the actual intent to delay or hinder creditors, and imposed an equitable lien on his Florida homestead later acquired by the girlfriend for the benefit of the debtor.  The Eleventh Circuit concluded that imposing an equitable lien on the homestead was proper because the funds used to purchase the home were obtained as a result of an actual fraud.  Citing to *Havoco*, the court reiterated that "[u]nder Florida law, homestead property purchased with funds obtained by fraud is not exempted from equitable liens."[29]

In the matter at hand, Gardner's Trustee seeks to impose an equitable lien on Ms. Keefer's homestead on the basis of the transfer for no consideration while he was presumed insolvent.  It is not contended that the defendant was a participant in any actual fraud related to the acquisition of the property.  Indeed, Gardner's Trustee concedes that there is no evidence of fraud on her part.

---

[26] *Chauncey v. Dzikowski* (*In re Chauncey*), 454 F.3d 1292, 1294 (11th Cir. 2006).
[27] *Id.*
[28] *Musselman v. Cameron (In re Cameron*, 359 B.R. 818, 822 (Bankr. M.D. Fla. 2006) (Jennemann, J.).
[29] *Lamarca v. Jansen (In re Bifani)*, 2014 WL 4457144, *5 (Sept. 11, 2014) (citing *Havoco*, 790 So.2d at 1028).

The imposition of an equitable lien on the property would require a showing that the property was not exempt, or purchased with ill-gotten funds, and then transferred to his girlfriend to shield the funds from the victims of misconduct. In that case, the victims might be able to pierce her homestead exemption or justifiably obtain an equitable lien.

The record in this case, however, is devoid of any facts to indicate that the funds used to purchase the property were from the fraudulent or egregious conduct of either Ms. Keefer or Mr. Gardner. It is likely that had Mr. Gardner not transferred the property, it would have been his exempt homestead and not reachable by his creditors. His transfer to Ms. Keefer did not remove an asset from creditors' reach. Thus, it would not matter whether Mr. Gardner transferred his exempt property to his girlfriend in the misguided effort to avoid his creditor's claims. The facts in this case do not rise to the level of the type of fraud that has been described in the cases on which Gardner's Trustee relies.

Finally, the trustee relies on *Fishbein* to support his contention that an equitable lien may be imposed to prevent unjust enrichment when the funds used to purchase the homestead were derived from fraud, regardless of the innocence or ignorance of wrongdoing of the homestead recipient (i.e., anyone benefiting from fraudulent activity).[30] However, such a finding is not supported by the facts in this case, particularly the exemption available to Mr. Gardner had he never made the transfer. Even if the defendant received something for nothing, it was not at the expense of Gardner's creditors.

---

[30] *Fishbein*, 619 So. 2d at 270–71. In *Fishbein*, an equitable lien was imposed on the spousal homestead despite the wife's innocence of her husband's fraud because she was a co-obligor on the prior mortgage loan that was satisfied with the proceeds of the fraudulently obtained loan, and the court granted the bank an equitable lien against the homestead to prevent the wife from receiving a windfall. *Id.* at 268. However, this Court has previously found that *Fishbein* presented a different set of facts from the present case. Further, in *Havoco*, the court emphasized that *Fishbein* and the court's equitable lien jurisprudence should not be read too broadly, clarifying that the court has "invoked equitable principles to reach beyond the literal language of the exceptions [to the homestead exemption] only where funds obtained through fraud or egregious conduct were used to invest in, purchase, or improve the homestead." *Havoco I*, 790 So. 2d at 1028.

*Conclusion*

Based on the foregoing, the Court concludes that the trustee is not entitled to an equitable lien on the defendant's homestead. This case does not present facts of fraud or egregious conduct being shielded by the homestead exemption. There is no material fact in dispute that would alter this result. For these reasons, the Court will enter an order granting summary judgment in favor of the defendant. Accordingly, it is

**ORDERED** that the defendant's motion for summary judgment (Doc. No. 23) is hereby granted.

**DATED:** December 03, 2014

K. Rodney May
United States Bankruptcy Judge

Clerk's Office to Serve